G. LLINÁS & CÍA., S. EN C., recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

Núm. 993.—*Sometido:* Abril 19, 1937. *Resuelto:* Mayo 25, 1937.

---

* NOTA: Véase el prefacio.

*L. López de Victoria,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

En escritura otorgada el 11 de junio de 1934, los esposos Ramón Rodríguez y Elisa Barrero Morales, confesaron adeudar a G. Llinás & Cía. la suma de $2,412.38 como resultado de la liquidación de las cuentas corrientes existentes entre las partes, provenientes de la refacción de cierta parcela de terreno. Para garantizar esta obligación en la misma escritura y sobre la misma propiedad, los deudores otorgaron una hipoteca. La cláusula novena de la escritura contenía la siguiente disposición:

"Los esposos don Ramón Rodríguez Cruz y doña Elisa Barrero Morales hacen formal y expresa renuncia de todo derecho de *Homestead* (Hogar Seguro) que al presente tengan o al futuro adquieran sobre el inmueble hipotecado, a favor de la acreedora, sus sucesores o cesionarios en su caso, mientras esté vigente este gravamen."

Al presentársele la escritura para su inscripción, el registrador de la propiedad hizo el siguiente asiento:

"Inscrita la hipoteca que comprende el anterior documento, al folio 121 del tomo 38 de Maricao, finca número 1061, inscripción sexta, limitado dicho derecho a la cabida que le resulta a la finca a virtud de la mensura de que fué objeto para los fines de hipotecarse al Banco Federal, ascendente dicha cabida a 76.979 cuerdas, denegándose por tanto la inscripción en cuanto al exceso de 7.021 cuerdas resultante, tomándose en su lugar anotación preventiva por 120 días a favor de la acreedora. Se tomó anotación preventiva por igual término, en cuanto a la cláusula novena de dicha escritura, relativa a la renuncia del *Homestead* que hacen los deudores, que también fué objeto de denegación, por ser irrenunciable dicho derecho actualmente de acuerdo con la Ley. La finca soporta una hipoteca anterior

a·favor del Federal Land Bank of Baltimore, otra a favor de los Estados Unidos de América, y un embargo a favor de 'G. Llinás y Compañía'.—San Germán, marzo 25, 1937.''

La sección 3 de la Ley de Hogar Seguro de marzo 12, 1903, disponía:

"Que no será válida ninguna renuncia o traspaso de una finca así exentada, a menos que se consigne expresamente en la escritura de traspaso por dicho jefe de familia, su esposo o esposa, si él o ella lo tuviere, o a menos que se obtuviere o abandonare la posesión de acuerdo con la escritura de traspaso, o sin la orden de la corte de distrito disponiendo el traspaso del título de la propiedad, siempre que la exención se haga extensiva a un hijo o hijos.''

El ·registrador admite que si se hubiera presentado la escritura al momento de otorgarse, o sea el 11 de junio de 1934, no hubiera surgido cuestión alguna, mas sostiene que a tenor del artículo 146 de la Ley Hipotecaria, no existía hipoteca alguna hasta que se inscribiera la escritura; que toda vez que la hipoteca sólo empezó a regir a partir del 16 de marzo de 1937, la supuesta tentativa de renunciar el derecho de hogar seguro, se rige por la Ley de ·Hogar Seguro de 1936 (Ley núm. 87 de ese año, pág. 461), cuya parte pertinente lee:

"Sección 1.—.    .    .    .    .    .
Este derecho de *homestead* es irrenunciable; y cualquier pacto en contrario se declara nulo.''

El artículo 1758 del Código Civil dispone:

"Son requisitos esenciales de los contratos de prenda e hipoteca:
"1.—Que se constituya para asegurar el cumplimiento de una obligación principal.
"·.    .    .    .    .    .    .    .''

La obligación principal existente entre las partes lo era la deuda que ellos trataban de garantizar con hipoteca, y se convino al momento de otorgar la escritura que los deudores renunciarían a cualquier derecho de·hogar·seguro.· La existencia de este convenio no dependía de que se inscribiera la

560

escritura en que se constituía la hipoteca. El pacto en que se renunciaba el derecho fué anterior a la inscripción o a la ley de 1936.

En realidad, conforme nos parece debió haber hecho, el registrador inscribió la hipoteca. En una escritura hay numerosos convenios, como los que se refieren al otorgamiento de una hipoteca, que sólo tienen efecto cuando se hace la inscripción. Sin embargo, lógicamente, la mayoría de los pactos precede a la imposición del gravamen sobre la propiedad.

*Debe revocarse la nota recurrida y hacerse la inscripción.*